UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN



In re:

LYSBETH A. CASE,
    Plaintiff,
-v-
WELLS FARGO BANK, NA,
    Defendant.

Case No. 01-24996-jes-13

Adversary No. 05-2578

---

In re:

SHANEDRA E. JOHNSON,
    Plaintiff,
-v-
U.S. BANK NATIONAL ASSOCIATION,
    Defendant.

Case No. 02-26885-jes-13

Adversary No. 05-2646

---

In re:

JOHN F. HERRERA,
    Plaintiff,
-v-
JPMORGAN CHASE BANK, NA,
    Defendant.

Case No. 03-26277-jes-13

Adversary No. 05-2647

---

In re:

JEROME D. OVEN and
ANN E. OVEN,
    Plaintiffs,
-v-
UNIVERSAL SAVINGS BANK, FA,
    Defendant.

Case No. 03-31620-jes-13

Adversary No. 05-2649

---

In re:

OLIVER L. NEWSOM and
CLAUDIA M. NEWSOM,
    Plaintiffs,
-v-
BANK OF AMERICA CORPORATION,
    Defendant.

Case No. 03-22596-mdm-13

Adversary No. 05-2664

| | |
|---|---|
| In re: | |
| JAMES B. JENDUSA and<br>KATHLEEN F. JENDUSA,<br>Plaintiffs,<br>-v-<br>NORTH AMERICAN SAVINGS BANK, FSB,<br>Defendant. | Case No. 03-25930-svk-13<br><br>Adversary No. 05-2666 |
| In re: | |
| VALERIE S. RUHL,<br>Plaintiff,<br>-v-<br>HSBC FINANCE CORPORATION and<br>HSBC MORTGAGE SERVICES, INC.,<br>Defendants. | Case No. 02-30892-svk-13<br><br>Adversary No. 06-2027 |

# DECISION

## **PRELIMINARY STATEMENT**

All plaintiffs in the above-entitled adversary proceedings are chapter 13 debtor-mortgagors. They assert that their respective defendant-mortgagees were paid "interest on interest" through their respective chapter 13 plans in violation of 11 U.S.C. § 1322(e).[1] Sec. 1322(e) was added to the Bankruptcy Code by the Bankruptcy Reform Act of 1994. It states that, if a debtor cures a default on a debt through a chapter 13 plan, the only interest that need be paid is the interest provided for in the parties' underlying mortgage agreement. Sec. 1322(e) overruled the United States Supreme Court holding in <u>Rake v. Wade</u>, 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed. 2d 424

---

[1] **Sec. 1322(e)**. Notwithstanding subsection (b)(2) of this section and sections 506(b) and 1325(a)(5) of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default, shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law.

(1993), which case concluded that mortgagees are entitled to "interest on interest," regardless of whether such "interest on interest" was provided for in the underlying mortgage agreement. See Collier on Bankruptcy, § 1322.01 (15th ed. rev.).

The facts in each of the adversary proceedings are different, as noted in the chart (A-1 and A-2) annexed to this decision. However, the legal issues and remedies requested in all of the adversary proceedings are identical. All adversary complaints were met with motions to dismiss filed by all defendants. Upon stipulation of the parties, all adversary proceedings have been joined solely to enable this court to hear and decide the motions to dismiss.

Each adversary complaint contains the following two counts:

1. Disgorgement of "interest on interest" pursuant to 11 U.S.C. § 502(j) and 11 U.S.C. § 1322(e) and

2. Abuse of process pursuant to 11 U.S.C. § 105(a).

Each adversary complaint also contains a demand for actual damages, attorney's fees and costs, injunctive relief, certification for class action relief and a jury trial.

The defendants' motions to dismiss are based upon a variety of grounds, including the following:

1. Lack of standing.

2. Adversary proceeding is procedurally defective.

3. No private right of action under either of the alleged counts in the adversary complaint.

4. Order confirming plan is *res judicata*, which bars this adversary proceeding.

5. Failure to state a claim demonstrating prohibited conduct.

6. "Interest on interest," even if unauthorized under §1322(e), is not illegal.

7. Judicial estoppel, waiver and laches.

## STANDARD FOR MOTION TO DISMISS

Dismissal for failure to state a claim is proper if it appears that the plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-6, 78 S.Ct. 99, 101-02, 2 L.Ed. 2d 80 (1957). A motion to dismiss raises only a question of law. Wright & Miller, Federal Practice and Procedure § 1357 (1990). Although all well-pleaded allegations must be taken as true and all inferences drawn in favor of the plaintiff, the court is not required to accept conclusory allegations concerning the legal effect of facts set out in the complaint. Reed v. City of Chicago, 77 F.3d 1049, 1051 (7th Cir. 1996). A motion to dismiss tests whether a plaintiff has properly stated a claim for which relief may be granted. Pickrel v. City of Springfield, Ill., 45 F.3d 1115 (7th Cir. 1995). A court must accept as true all of a plaintiff's well pleaded factual allegations, as well as all reasonable inferences. However, the court need "not strain to find inferences favorable to the plaintiffs which are not apparent on the face of the complaint." Coates v. Illinois State Bd. of Ed., 559 F.2d 445, 447 (7th Cir. 1977).

## STANDING

A threshold issue in the motions to dismiss is: **Do the plaintiffs have standing to pursue their respective adversary complaints?**

Some of the defendants assert that <u>only</u> the chapter 13 trustee has the power to sue on behalf of the chapter 13 estate for any alleged overpayments. These defendants submit that the plaintiffs lack standing because they are unable to demonstrate that they have suffered any injury or will in any way benefit from recovery of any alleged overpayments which may have been received

-4-

by the defendants. They further contend that the plaintiffs lack the ability to pursue injunctive relief because the plaintiffs are in no immediate danger of sustaining any direct injury. They assert that past exposure to allegedly illegal actions does not provide a basis for injunctive relief absent a showing of continuing present adverse effects.

In response, the plaintiffs declare that they are indeed parties in interest because they will be acting, not for themselves, but on behalf of the chapter 13 bankruptcy estate, citing In re Sims, 278 B.R. 457 (Bankr. W.D. Tenn. 2003), as authority. Sims stated that a chapter 13 debtor's interest in ensuring that any overpayments are properly returned to the bankruptcy estate for ultimate distribution to the creditors is a sufficient basis to give the debtors standing to pursue these remedies on behalf of the estate. The plaintiffs further rely upon Bankruptcy Rule 6009, which declares:

> **Rule 6009. PROSECUTION AND DEFENSE OF PROCEEDINGS BY TRUSTEE OR DEBTOR IN POSSESSION.** With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal.

Cable v. Ivy Tech State College, 200 F.3d 467 (7th Cir. 1999), is controlling upon this court on the issue of standing. It declares that a chapter 13 debtor has the right to prosecute actions on behalf of the chapter 13 estate.

Defendants' efforts to distinguish Cable are unavailing. Defendants argue that the property of the bankruptcy estate is under the exclusive jurisdiction of the chapter 13 trustee and that, pursuant to 11 U.S.C. § 1306(b), unless a confirmed plan specifically contains a provision which states that the chapter 13 debtor may pursue such action for the estate, that chapter 13 debtor may

-5-

not do so. Nothing in Cable supports that argument. Cable discusses § 1306(b) and clearly holds that a chapter 13 debtor has standing to pursue an action for the benefit of the chapter 13 estate, regardless of whether there is a provision in the plan for the chapter 13 debtor to pursue such action. Cable does state that a chapter 7 trustee, as a representative of the estate, has the exclusive authority to sue or be sued. But, what is involved in the issues before this court are chapter 13 cases, and Cable states that a chapter 13 trustee and a chapter 13 debtor have concurrent authority to bring a suit to recover assets for the chapter 13 estate. Cable declares:

> It would frustrate the essential purpose of § 1306 to grant the debtor possession of the chose in action yet prohibit him from pursuing it for the benefit [of] the estate. Significantly, the Second and Third Circuits have agreed that chapter 13 debtors can bring claims in their own name.

Cable, 200 F.3d at 473. Cable further states:

> The proper practice for creditors and trustees is to allow the debtor in possession to exercise the powers assigned by §§ 1306(b) and 541 and sue in his own name for the estate.

Cable, 200 F3d at 474.

It therefore appears that the plaintiffs, as chapter 13 debtors in possession, do have standing to bring these actions; however, the court's inquiry does not end here.

### ARE THE ADVERSARY PROCEEDINGS PROCEDURALLY DEFICIENT?

The court concludes that the answer to this question is "yes." Some of the defendants assert that, because this dispute involves 11 U.S.C. § 502(j), Bankruptcy Rule 3008 and not Bankruptcy Rule 3007 applies. Sec. 502(j) declares, in part:

> A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case.

Bankruptcy Rule 3008, which is the vehicle that implements § 502(j), states:

> **Rule 3008. RECONSIDERATION OF CLAIMS.** A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.

All of the defendants' proofs of claim in support of their unpaid mortgages (including, in some instances, supplemental post-petition claims) were filed without any objections having been made by any of the plaintiffs. All of these claims are deemed allowed claims pursuant to § 502(a), which states, in part, that: "A claim or interest, proof of which is filed under sec. 501 of this title, is deemed allowed, unless a party in interest ... objects." The contention made in all of these adversary complaints of an "interest on interest" violation by virtue of § 1322(e) was raised for the first time in these adversary proceedings. That occurred long after the plaintiffs received notices of the intention to pay these mortgage claims (which included "interest on interest"). Although Bankruptcy Rule 3007 sets no time limits to raise an objection to claims, the notices of intention to pay claims which were sent to all interested parties (including the plaintiffs) fixed deadlines to object. These notices provided due process, and no objections were received.

Defendants submit that the proper vehicle to challenge the allowed claims is not by means of adversary proceedings, but by a Bankruptcy Rule 3008 motion to reconsider the allowance of these claims. The defendants then reason that, because the plaintiffs have not brought motions to reconsider, all of these adversary proceedings must be dismissed, citing In re Yancey, 301 B.R.

861 (Bankr. W.D. Tenn. 2003), which held that the proper remedy for a plaintiff under these circumstances is to seek reconsideration of an allowed claim pursuant to a Bankruptcy Rule 3008 motion.

In response to this argument, the plaintiffs insist that the use of the adversary proceeding is proper because plaintiffs are seeking not only disgorgement of overpayments but also injunctive relief, which requires initiation of an adversary proceeding, pursuant to Bankruptcy Rule 7001(7). The plaintiffs then follow up this argument by referring to Bankruptcy Rule 3007, which, in part, declares:

> If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

The plaintiffs assert that Bankruptcy Rule 3007 is an alternative to Bankruptcy Rule 3008 and rely upon In re Sims, where the court authorized the plaintiff chapter 13 debtor to raise objections to overpayments made to chapter 13 creditors by means of an adversary proceeding. The plaintiffs further reject Yancey by declaring that: "Yancey got it wrong."

It is clear why the plaintiffs are so insistent on using Bankruptcy Rule 3007 rather than Bankruptcy Rule 3008. They are ultimately seeking class action status, pursuant to Bankruptcy Rule 7023, which can only be obtained after the commencement of an adversary proceeding. If the plaintiffs are successful in receiving such class action certification, they then would have the opportunity to pursue both actual damages and attorney's fees. Only Bankruptcy Rule 3007 gives them the ability to gain access to an adversary proceeding.

At this stage, the use of an adversary proceeding is premature. What first must be determined on a motion to reconsider is whether the plaintiffs can prevail in their claims to recover

-8-

"interest on interest" for their respective bankruptcy estates. Only if the plaintiffs are successful in this endeavor will they then be in a position to pursue injunctive relief through adversary proceedings as provided by Bankruptcy Rule 7001(7). However, even then, the plaintiffs would be faced with substantial hurdles as to whether injunctive relief is appropriate.

The court rejects the plaintiffs' argument that Bankruptcy Rule 3007 is an alternative to Bankruptcy Rule 3008. The word "may" as contained in Bankruptcy Rule 3008 only means that a party has the right, but not the duty, to file a motion for reconsideration. As Chief Justice Rehnquist explained in <u>Fogarty v. Fantasy, Inc.</u>, 510 U.S. 517, 533, 114 S.Ct. 1023, 1033, 127 L.Ed. 2d 455 (1994), "[t]he word 'may' clearly connotes discretion." <u>See</u> also <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed. 2d 547 (2005). If such a party, on the other hand, intends to challenge the status of a claim which has either been allowed or disallowed, it may only do so by following the procedure in Bankruptcy Rule 3008 to reconsider such allowance or disallowance. Bankruptcy Rule 3007 is intended to be used <u>before</u> a claim has been either allowed or disallowed. Bankruptcy Rule 3008, on the other hand, applies <u>after</u> a claim is either allowed or disallowed.

The plaintiffs' argument that Bankruptcy Rule 3007 is an alternative to Bankruptcy Rule 3008 would result in making Bankruptcy Rule 3008 meaningless. Courts must give effect to all relevant sections of the Code, and all sections must be read in a collective fashion wherever possible. <u>See</u> <u>Buttitta v. City of Chicago</u>, 9 F.3d 1198, 1204 (7th Cir. 1993). Recently, the Seventh Circuit in <u>In re Globe Building Materials, Inc.</u>, 463 F.3d 631 (7th Cir. 2006) stated, with approval, the canon of statutory construction *expressio unius est ex[c]lusio alterius*, meaning "to express or include the one thing implies the exclusion of the other." <u>See</u> also <u>Black's Law Dictionary</u> 620 (8th

-9-

Case 05-02649-jes    Doc 27    Filed 10/31/06    Page 9 of 13

ed. 2004), and In re Dersch Energies, Inc. v. Shell Oil Co., 314 F.3d 846, 861 (7th Cir. 2002).

Plaintiffs' reliance upon Sims to support their argument on this issue is not well founded. There is no discussion in Sims as to whether the proper method of proceeding is by Bankruptcy Rule 3007 or by Bankruptcy Rule 3008. Yancey, however, does discuss both rules. See Yancey, 301 B.R. at 869.

It is therefore not appropriate, at this juncture, to utilize an adversary proceeding and bypass the procedural requirements mandated in Bankruptcy Rule 3008.

## CONCLUSION

The plaintiffs have not utilized the proper procedure to raise their contention that "interest on interest" violates 11 U.S.C. § 1322(e). In order to do so, they must invoke Bankruptcy Rule 3008 and proceed by means of a motion to reconsider. Only if then successful may the plaintiffs then seek further relief. Accordingly, all of the defendants' motions to dismiss are granted.

In view of this ruling, the court declines to discuss the other grounds raised by the defendants in support of their respective motions to dismiss. Doing so would be dicta. Only dispositive issues need be addressed. To borrow a quote by Scarlett O'Hara in Gone With The Wind, "Tomorrow is another day."[2]

---

[2] Margaret Mitchell, Gone With The Wind 1037 (Scribner 1964) (1936).

A separate order dismissing all of these adversary proceedings shall be issued.

Dated at Milwaukee, Wisconsin, this _31_ day of October, 2006.

BY THE COURT:

*James E. Shapiro*
JAMES E. SHAPIRO
U. S. BANKRUPTCY JUDGE

c:
Jordan M. Lewis, Esq.
1300 Washington Square
100 Washington Avenue South
Minneapolis, MN 55401

Michael J. Watton, Esq.
225 East Michigan Street, Ste. 550
Milwaukee, WI 53202

Arthur F. Radke, Esq.
10 South Wacker, Ste. 2300
Chicago, IL 60606

Andrew J. Wronski, Esq.
777 East Wisconsin Avenue
Milwaukee, WI 53202

Thomas J. O'Brien, Esq.
1000 North Water Street, Ste. 2100
Milwaukee, WI 53202-3186

Synde B. Keywell, Esq.
2 North LaSalle Street, Ste. 2200
Chicago, IL 60602

Jay J. Pitner, Esq.
600 North Broadway, Ste. 300
Milwaukee, WI 53202

| Case name and number | Date Ch 13 case filed | Date Ch 13 Plan filed & amended | Deadline for objs to confirmation plan (original & modifications, if any) | Date of order confirming plan (original & modifications, if any) | Date defendant's proof of claim filed, including amend. / supp. claims | Date notice of intent to pay mortgage claims sent (no objs filed by plaintiff debtors) | Adv. filed | Plan completed? | Amt of interest-on-interest | Treatment under proposed plan | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | Plan default to be cured | Interest rate |
| Case 01-24996 Case -v- Wells Fargo Bank 05-02578 | 4/27/01 | 5/11/01 | 7/4/01 | 11/13/01 (effective as of 5/21/01) | 7/5/01 | 4/30/02 (objs due in 25 days) | 11/3/05 | Yes 4/25/06 | $991.32 minimum | $15,555 | 17.99% |
| Johnson 02-26885 Johnson - v- U.S. Bank 05-2646 | 5/24/02 | 6/3/02 Amend. plan filed 1/26/05 | 7/31/02 Amend. plan: 2/15/05 | 8/20/02 (effective as of 7/8/02) Amend. plan: 2/17/05 (effective as of 1/26/05) | 8/16/02 Supp. claims: 9/20/01 10/20/04 | 2/14/03 (objs due in 25 days) Supp. claim: 30 days from 10/27/04 | 12/14/05 | No | $232.28 minimum | $5,000 | 7.5% |
| Herrera 03-26277 Herrera - v- JPMorgan Chase Bank 05-2647 | 4/21/03 | 4/21/03 | 6/18/03 | 5/15/03 (effective as of 6/24/03) | 5/12/03 Supp. claim: 9/16/03 | 1/5/04 (objs due in 25 days) Supp. claim: 9/16/05 (objs due in 30 days) | 12/14/05 | Yes 9/8/06 | $236.88 maximum | $2,000 | 10.12% |
| Oven 03-31620 Oven -v- Universal Savings Bank 05-02649 | 7/30/03 | 8/11/03 1st Amend. plan filed 12/14/05 2nd Amend. plan filed 1/23/06 & 2/21/06 | 10/1/03 1st Amend. plan: 1/3/06 2nd Amend. plan 2/12/06 (effective as of 1/23/06) | 10/7/03 (effective as of 8/27/03) 1st Amend. plan: not confirmed 2nd Amend plan 2/21/06 (effective as of 1/23/06) | 8/4/03 Supp. claims (by Asset Mgmt. Hldgs for mortgage arrears): 5/1/06 8/2/06 | 3/1/04 (objs due in 30 days) Supp. claims (by Asset Mgmt. Hldgs for mortgage arrears) (objs due in 30 days): 5/5/06 8/10/06 | 12/14/05 | No | $1,232.30 maximum | 8/11/03 Plan $7,699.82 12/14/05 Plan $7,699.82 1/23/06 & 2/21/06 Plans $7,699.82 | 6% 6% 6% |

| Case name and number | Date Ch 13 case filed | Date Ch 13 Plan filed & amended | Deadline for objs to confirmation plan (no objs by defendants) | Date of order confirming plan (original & modifications, if any) | Date defendant's proof of claim filed, including amend. / supp. claims | Date notice of intent to pay mortgage claims sent (no objs filed by plaintiff debtors) | Adv. filed | Plan completed? | Amt of interest-on-interest | Treatment under proposed plan | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | Plan default to be cured | Interest rate |
| Newsom 03-22596 Newsom - v- Bank of America 05-2664 | 2/26/03 | 3/5/03 | 4/23/03 | 4/29/03 (effective as of 4/3/03) | 4/9/03 Supp. claim 6/1/04 | 11/4/03 (objs due in 25 days) | 12/27/05 | No | $875.40 maximum | $4,000 | 7.5% |
| Jendusa 03-25930 Jendusa - v- North American Savings Bank 05-2666 | 4/16/03 | 4/30/03 | 6/25/03 | 7/1/03 (effective as of 6/5/03) | 6/26/03 Supp. claim: 6/24/04 (no deadline to obj) | 12/29/03 (objs due in 25 days) | 12/27/05 | Yes 6/14/06 | $309.96 maximum | $1,404.53 | 8.75% |
| Ruhl 02-30892 Ruhl -v- HSBC 06-2027 | 8/26/02 | 9/10/02 1st Amend. plan filed 1/12/04 2nd Amend. plan filed 11/8/05 | 11/6/02 1st Amend. plan: 2/1/04 2nd Amend. plan: 11/28/05 | 11/12/02 (effective as of 10/1/02) 1st Amend. plan: 2/3/04 (effective as of 2/2/04) 2nd Amend. plan: 11/30/05 (effective as of 11/8/05) | 11/18/02 Supp. claims: 8/24/05 10/14/05 3/15/06 | 6/2/03 (objs due in 25 days) Supp. claims (objs due in 30 days): 12/7/05 2/3/06 3/22/06 | 1/13/06 | No | $3,143.40 maximum | 9/10/02 plan: $13,782 1/12/04 plan: $17,170 11/8/05 plan: $17,170 | 9.5% 0% 0% |